# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist LUIS RODRIGUEZ III**
**United States Army, Appellant**

ARMY 20120063

Headquarters, U.S. Army Medical Department Center and School
Patricia H. Lewis, Military Judge
Lieutenant Colonel Jonathan E. Cheney, Staff Judge Advocate (pretrial)
Lieutenant Colonel Randolph Swansiger, Staff Judge Advocate (post-trial)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain Matthew M. Jones, JA (on brief).

For Appellee: Lieutenant Colonel James L. Varley, JA; Major Katherine S. Gowel, JA; Captain Sean P. Fitzgibbon, JA (on brief).

19 December 2013

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

Senior Judge COOK:

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his plea, of one specification of assault consummated by a battery, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (2006) [hereinafter UCMJ]. Appellant was acquitted of two additional specifications of assault consummated by a battery. The convening authority approved the adjudged sentence of a reprimand, a bad-conduct discharge, and reduction to the grade of E-1. This case is before us for review pursuant to Article 66, UCMJ.

Appellant raised one error to this court that merits discussion but no relief.[1]

## BACKGROUND

The assigned error contains an allegation that appellant was denied effective assistance of counsel during the post-trial portion of his court-martial because his trial defense counsel failed to request that the convening authority defer appellant's adjudged reduction in grade until action. Pursuant to Article 57, UCMJ, a reduction in grade takes effect either 14 days after being adjudged at court-martial or at action, whichever happens sooner. However, upon request, a convening authority can defer a reduction in grade until a sentence is approved. There is neither evidence in the record that a deferment request was submitted on appellant's behalf nor is there evidence in the record that appellant's reduction was deferred.

Appellant cites to a Defense Counsel Assistance Program (DCAP) Post-Trial and Appellate Rights (PTAR) form, as proof that he wanted his trial defense counsel to petition the convening authority to defer appellant's adjudged reduction in grade until action. A review of appellant's PTAR reveals that on the fourth page appellant indicated he desired a deferment of an adjudged reduction in rank. Appellant signed the PTAR on 17 January 2012, the day before his trial began. The PTAR was admitted as Appellate Exhibit IX.

In addition, appellant submitted a post-trial affidavit wherein he stated:

> I was court-martialed on 18 and 19 January 2012.
> Pursuant to the court-martial proceedings, I
> completed an appellate rights information worksheet.
> I expressed my desire to request deferment of
> reduction in rank if I was sentenced to a reduction.
> I was not sentenced to confinement and remained on
> active duty for at least six months after sentencing.
> I was on active duty up to and during the time the
> convening authority [took] action on my case.
> My attorney never requested deferment on my behalf.
> As a result, my pay was reduced to E-1 during this
> period, which caused great financial difficulty.

In response to this allegation of ineffective assistance of counsel and pursuant to an order by this court, appellant's two trial defense counsel, Captain (CPT) DM[2]

---

[1] Appellant personally raised additional matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), none of which merit discussion or relief.

and CPT JM both submitted affidavits.  Both counsel readily concede a request for deferment of reduction was not submitted on appellant's behalf to the convening authority, but state this is only part of the story.  Specifically, although counsel encouraged appellant to make an affirmative choice concerning reduction deferment on his PTAR, this decision took place before appellant was tried, convicted and sentenced.  Counsel direct this court's attention to what was submitted as clemency matters on behalf of appellant to understand appellant's true post-trial strategy.

These post-trial matters, submitted pursuant to Rules for Courts-Martial [hereinafter R.C.M.] 1105 and 1106, include appellant's personal request, dated 24 April 2012, that he receive a post-trial administrative discharge pursuant to Chapter 10, Army Regulation (AR) 635-200, in lieu of court-martial.  Under the terms of appellant's request for a Chapter 10 discharge, appellant would have been reduced to E-1 and his discharge characterization could have been under Other than Honorable conditions.  *See* AR 635-200, paras. 1-13 and 10-8.  In his cover memorandum to this request, CPT DM emphasizes three times in the second paragraph that appellant had been reduced in rank as a result of his court-martial conviction.

> [Appellant] has spent the last three months *as an E-1*.  [Appellant] is an excellent Soldier and performed his duties well and *despite being reduced* he has continued to Soldier on, working hard as a valuable member of his unit. After the military, [appellant] intends to go to school and obtain civilian employment.  Since his *reduction in rank,* saving for college and life after the Army is inevitably difficult.

(emphasis added).

In his affidavit, CPT DM stated that based on appellant's sentence, which contained no adjudged forfeitures or confinement, defense's post-trial strategy emphasized having appellant's conviction and bad-conduct discharge disapproved. The requested discharge in lieu of court-martial included an automatic reduction in grade to E-1.  Therefore, to increase the chances of having their request approved, CPT DM explained to appellant than any other request regarding grade reduction should not be submitted.

Attached to appellant's signed request for a discharge in lieu of court-martial is a memorandum signed by appellant that states in part:

---

[2] Captain DM was promoted to Major after appellant's court-martial and signed his post-trial affidavit as Major DM.  For simplicity purposes, we will refer to him as Captain DM throughout this opinion.

> I [,] Private Rodriguez III, Luis[,] am requesting a
> post-trial chapter 10 due to the hardship of finding
> a job as a civilian with a conviction and a bad
> conduct discharge.  The bad conduct discharge will
> [effect] my benefits from the GI Bill to [Veterans
> Affairs benefits].  With a federal conviction it will
> be difficult to obtain employment and go to school.
>
> ….
>
> In transitioning to the civilian world of life, I have to
> support myself….  As I stated during the court-martial,
> I am sorry for what I did and this whole experience
> was a learning experience.  Please consider my request
> for [a] post-trial chapter 10.

In his personal memorandum, appellant neither mentions his adjudged grade reduction nor a desire to have the convening authority defer or disapprove his reduction.  Neither appellant nor appellant's counsel have provided matters in response to the affidavits submitted by CPT DM or CPT JM.

## LAW AND DISCUSSION

The sixth amendment guarantees an accused the right to the effective assistance of counsel.  *United States v. Gooch*, 69 M.J. 353, 361 (C.A.A.F. 2011) (citing *United States v. Gilley*, 56 M.J. 113, 124 (C.A.A.F. 2001)).  In the military, this guarantee extends to assistance with the post-trial phase of a court-martial.  *United States v. Lee*, 52 M.J. 51, 52 (C.A.A.F. 1999).  We review de novo claims that an appellant did not receive the effective assistance of counsel.  *United States v. Mazza*, 67 M.J. 470, 475 (C.A.A.F. 2009).

"In assessing the effectiveness of counsel we apply the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and begin with the presumption of competence announced in *United States v. Cronic*, 466 U.S. 648, 658 (1984)." *Gooch*, 69 M.J. 361.  To overcome the presumption of competence, the *Strickland* standard requires an appellant to demonstrate "both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *Strickland*, 466 U.S. at 687).

This Court applies a three-part test to determine whether the presumption of competence has been overcome:

1.  Are the allegations true, and, if so, is there any reasonable

explanation for counsel's actions?

2. If the allegations are true, did counsel's performance fall measurably below expected standards?

3. Is there a reasonable probability that, absent the errors, there would have been a different outcome?

*United States v. Polk*, 32 M.J. 150, 153 (C.M.A. 1991). In the context of a post-trial claim for ineffectiveness, our superior court has modified the third step, requiring only that there be some "colorable showing of possible prejudice." *Lee*, 52 M.J. at 53 (citing *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)).

When assessing *Strickland's* first prong, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. When challenging the performance of trial defense counsel, the appellant "bears the burden of establishing the truth of the factual allegations that would provide the basis for finding deficient performance." *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007) (citation omitted).

Because appellant and counsel have filed post-trial affidavits that to some extent conflict, pursuant to *United States v. Ginn*, 47 M.J. 236 (C.A.A.F. 1997), we have analyzed whether a post-trial evidentiary hearing is required. After applying the fourth *Ginn* principle, we find such a hearing is not required in this case. Although appellant's affidavit is factually adequate on its face, in accordance with the fourth *Ginn* principle, "the appellate filings and the record as a whole 'compellingly demonstrate' the improbability of those facts" and therefore we may "discount those factual assertions and decide the legal issue." *Ginn*, 47 M.J. at 248.

In his post-trial affidavit, appellant directs our attention to his PTAR as definitive proof that he desired his trial defense counsel submit a request for a deferment of grade reduction to the convening authority. His appellate counsel characterize appellant's election on his PTAR as indicating that appellant "unequivocally" had requested his trial defense counsel to submit this deferment request to the convening authority.

Both appellant and counsel fail to address appellant's post-trial submission of a request for discharge in lieu of court-martial (specifically acknowledging an automatic grade reduction to E-1), as well as appellant's supporting memorandum containing no mention of appellant's purported desire that his grade reduction be deferred. If appellant were genuinely seeking a deferral of his grade reduction from the convening authority, why would his own clemency matters to the convening authority not address this issue?

Captain DM plausibly explains this issue in his affidavit. The deferment request was not made because the main focus of appellant's clemency submissions was not deferment of grade reduction, but rather the elimination of appellant's punitive discharge and criminal conviction. As demonstrated in CPT DM's R.C.M. 1105 and 1106 memorandum, the reduction in grade was highlighted in part to convince the convening authority that appellant had been sufficiently punished and to make the discharge in lieu of court-martial more palatable. Moreover, appellant's accompanying memorandum in support of this discharge request compellingly demonstrates that he had approved of this clemency strategy in lieu of pursuing a deferment of reduction. As such, the appellant has failed to show "that counsel's performance was deficient." *Strickland*, 466 U.S. at 687.

In addition, even if any and all factual disputes were resolved in appellant's favor and trial defense counsel were deficient in not submitting a grade reduction deferment on his behalf, appellant has failed to establish that this deficiency resulted in prejudice. *See Strickland*, 466 U.S. at 687. Although in his post-trial affidavit appellant alleges his reduction to E-1 "caused great financial difficulty," appellant articulates no specifics as to what this difficulty was, or why the convening authority would have approved his request to defer his reduction in grade due to financial difficulties.

On the contrary, the record reflects that appellant was a single soldier with no dependents at the time of trial. Neither appellant nor any of the pre-sentencing witnesses who testified on his behalf indicated that appellant or his family would suffer a financial hardship as a result of the grade reduction. When he testified, appellant requested he not be confined or discharged from the service. Appellant has submitted no matters other than his post-trial affidavit that would support a convening authority approving his deferment of grade reduction request. We therefore do not find any "reasonable probability of a more favorable action by the convening authority" absent counsel's deficiency, *United States v. Clemente*, 51 M.J. 547, 551-52 (Army Ct. Crim. App. 1999), and conclude that appellant has failed to make "some colorable showing of possible prejudice." *Lee* 52 M.J. at 53 (C.A.A.F. 1999) (citation omitted).

## CONCLUSION

On consideration of the entire record, the assigned error, and the matters personally submitted by the appellant pursuant to *Grostefon* we hold the findings of guilty and the sentence as approved by the convening authority are correct in law and fact.

Accordingly, the findings of guilty and the sentence are AFFIRMED.

Judge CAMPANELLA and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court